UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MICHAEL CLARK,<br>       #67471 | )<br>)<br>) | |
|        Plaintiff, | )<br>) | 2:10-cv-00944-RLH-RJJ |
| vs. | )<br>) | **ORDER** |
| D.W. NEVEN, | )<br>) | |
|        Defendant. | )<br>/ | |

This is a prisoner civil rights action. The court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson*

v. *Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**II. Instant Complaint**

Plaintiff, who is incarcerated at High Desert State Prison ("HDSP"), has sued HDSP Warden D.W. Neven.  Plaintiff alleges that defendant encourages HDSP staff to deny inmates in segregation access to legal books, legal material, aid and service.  He claims that he is being denied meaningful access to the courts and also claims that his Sixth, Eighth and Fourteenth Amendment rights have been violated.

As an initial matter, plaintiff merely states, without elaboration, that his Sixth, Eighth, and Fourteenth Amendment rights have been violated.  He sets forth no facts whatsoever implicating his rights under these constitutional provisions.  Accordingly, plaintiff's Sixth, Eighth and Fourteenth Amendment claims are dismissed with prejudice and without leave to amend.

With respect to plaintiff's claims of denial of legal materials and aid, prisoners have a constitutional right of access to the courts.  *See Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *limited in part on other grounds by Lewis*, 518 U.S. at 354; *Ching v. Lewis*, 895 F.2d 608, 609 (9th Cir. 1990).  This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  *Bounds*, 430 U.S. at 828; *see also Madrid v. Gomez*, 190 F.3d 990, 995 (9th Cir. 1999).  The right, however, "guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts . . . . [It is this capability] rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts.  *Lewis*, 518 U.S. at 356-57.  Prison officials may select the best method to ensure that prisoners will have the capability to file suit.  *See id.* at 356.  Prisons "might replace libraries with some minimal access to legal advice and a system of court-provided forms . . . that asked the inmates to provide only the facts and not to attempt any legal analysis."  *Id.* at 352.

To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine

1 and may not be waived. *See Lewis*, 518 U.S. at 349; *Madrid*, 190 F.3d at 996. An "actual injury" is
2 "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing
3 deadline or to present a claim." *Lewis*, 518 U.S. at 348 (citation and internal quotations omitted); *see
4 also Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (explaining that "[f]ailure to show that a
5 'non-frivolous legal claim ha[s] been frustrated' is fatal" to a claim for denial of access to legal
6 materials) (citing *Lewis*, 518 U.S. at 353 & n.4); *Madrid*, 190 F.3d at 996. Delays in providing legal
7 materials or assistance that result in actual injury are "not of constitutional significance" if "they are the
8 product of prison regulations reasonably related to legitimate penological interests." *Lewis*, 518 U.S.
9 at 362. The right of access to the courts is limited to non-frivolous direct criminal appeals, *habeas
10 corpus* proceedings, and § 1983 actions. *See Lewis*, 518 U.S. at 353 n.3 & 354-55; *Simmons v.
11 Sacramento County Superior Court*, 318 F.3d 1156, 1159-60 (9th Cir. 2003) (explaining that "a prisoner
12 has no constitutional right of access to the courts to litigate an unrelated civil claim."); *Madrid*, 190 F.3d
13 at 995.

14 Currently, plaintiff's allegations that defendant encouraged staff to deny inmates in
15 segregation access to legal materials and aids fail to state a cognizable claim for denial of access to the
16 courts. Plaintiff must allege an actual injury, that is, "that a nonfrivolous legal claim had been frustrated
17 or was being impeded." *Lewis*, 518 U.S. at 353. Although the Federal Rules adopt a flexible pleading
18 policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.
19 *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). However, because plaintiff's
20 allegations may implicate his constitutional right to access to the courts, he will be granted leave to file
21 an amended complaint.

22 If plaintiff elects to proceed in this action by filing an amended complaint, he is advised
23 that he should, to the best of his ability, clarify what constitutional right he believes defendant has
24 violated and support each claim with factual allegations about defendant's actions. There can be no
25 liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
26 defendant's actions and the claimed deprivation. *Rizzo*, 423 U.S. 362; *May v. Enomoto*, 633 F.2d 164,

167 (9th Cir. 1980); *Johnson*, 588 F.2d at 743. Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that the Clerk shall **FILE** the complaint (docket #1-1).

**IT IS FURTHER ORDERED** that plaintiff's Sixth Amendment claim is **DISMISSED** with prejudice and without leave to amend.

**IT IS FURTHER ORDERED** that plaintiff's Eighth Amendment claim is **DISMISSED** with prejudice and without leave to amend.

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment claim is **DISMISSED** with prejudice and without leave to amend.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**.

**IT IS FURTHER ORDERED** that plaintiff will have **thirty (30) days** from the date that this Order is entered to file his amended complaint, if he believes he can correct the noted deficiencies. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

**IT IS FURTHER ORDERED** that plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, **2:10-CV-00944-RLH-RJJ**, above the words "FIRST AMENDED" in the space for "Case No."

**IT IS FURTHER ORDERED** that plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

**IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank section 1983 civil rights complaint form with instructions along with one copy of the original complaint.

DATED this 26th day of August, 2010.

_____
ROGER L. HUNT
Chief United States District Judge