UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL CLARK, | Case No.: 2:10-cv-00944-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#23; Motion to Dismiss–#31) |
| D.W. NEVEN; MS. PHARRIS, | |
| Defendants. | |

Before the Court is Defendants Dwight W. Neven (sued as D.W. Neven) and Trinity Pharris' (sued as Ms. Pharris) **Motion to Dismiss/Motion for Summary Judgment** (#23, filed Jan. 14, 2011). The Court has also considered Plaintiff Michael Clark's Opposition (#26, filed Jan. 31, 2011), and Defendants' Reply (#27, filed Feb. 2, 2011).

Also before the Court is Plaintiff's **Motion to Dismiss** (#31, filed Apr. 7, 2011), requesting the Court dismiss Defendant D.W. Neven. Defendants did not file an opposition.

### BACKGROUND

Plaintiff claims Defendants Neven and Pharris violated his constitutional rights while Plaintiff was an inmate at High Desert State Prison in Indian Springs, Nevada. Specifically, while Plaintiff was in the prison's segregation unit he alleges Defendant Pharris, the prison's law

1

librarian, violated his constitutional right of access to the courts by refusing to respond to his request for legal mail pick-up, thereby delaying the filing of two already overdue motions in a separate lawsuit (*Clark v. Guerrero*, No. 2:09-cv-00141-JCM-PAL). Plaintiff includes Defendant Neven in this claim because Neven, as warden of the prison, is responsible for facilitating access to the law library and giving notice of any change in access for those in the prison's segregation unit. Plaintiff also alleges Defendant Pharris yelled at him in an intimidating voice, threatened to ban him from the law library, refused him reentry to the law library, and filed false disciplinary charges against him, all in retaliation for filing a grievance against Defendant Pharris and a lawsuit against the law library.

Plaintiff originally commenced this action in state court on April 27, 2010, alleging several constitutional violations. Defendant Neven removed the action to this Court on June 17. Pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A(a), the Court then screened Plaintiff's complaint and allowed the following two claims to proceed: First Amendment access to the courts, and First Amendment retaliation. Defendants then filed this motion to dismiss or, alternatively, for summary judgment, requesting dismissal of these two claims. Plaintiff also filed a motion to dismiss Defendant Neven from his First Amendment access to the courts claim. For the reasons discussed below, the Court grants Defendants' motion to dismiss/motion for summary judgment and denies Plaintiff's motion to dismiss Defendant Neven as moot.

## DISCUSSION

**I.  Defendants' Motion**

    **A.  Summary Judgment Legal Standard**

Summary judgment is appropriate when the evidence shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of material fact exists "if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (quoting *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)). When

AO 72
(Rev. 8/82)

1  evaluating a motion for summary judgment, the court views all facts and draws all inferences in
2  the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore,*
3  *Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). Furthermore, the courts construe *pro se* inmate motions
4  and pleadings liberally and "should avoid applying summary judgment rules strictly." *Thomas*, 611
5  F.3d at 1150.
6         The moving party bears the burden of showing that there are no genuine issues of
7  material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry
8  its burden of production, the moving party must either produce evidence negating an essential
9  element of the nonmoving party's claim or defense or show that the nonmoving party does not
10 have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."
11 *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the
12 moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to
13 "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.
14 The nonmoving party "may not rely on denials in the pleadings but must produce specific
15 evidence, through affidavits or admissible discovery material, to show that the dispute exists,"
16 *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply
17 show that there is some metaphysical doubt as to the material facts." *Bank of America v. Orr*, 285
18 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of
19 evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

20      **B.**    **Motion to Dismiss Legal Standard**

21        A court may dismiss a plaintiff's complaint for "failure to state a claim upon which
22 relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short
23 and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.
24 8(a)(2). A complaint must contain either direct or inferential allegations concerning "all the
25 material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic*
26 *Corp. v. Twombly*, 550 U.S. 5444, 562 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745

AO 72
(Rev. 8/82)

1   F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)). "Factual allegations must be enough to
2   rise above the speculative level." *Id.* at 555.  Tto survive a motion to dismiss, a complaint must
3   contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v.*
4   *Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  *Pro se* plaintiffs, however, are subject to
5   "less stringent standards than formal pleadings drafted by lawyers," and the court should liberally
6   construe their complaints.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

    In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949.  Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted).  If the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.  When considering a 12(b)(6) motion to dismiss, the court should treat the motion as a Rule 56 motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d).

**C.   Analysis**

Because Defendants' motion is based on sources outside the pleadings, the Court will analyze Plaintiff's First Amendment access to the courts claim under the summary judgment standard. Fed. R. Civ. P. 12(d).  However, the Court finds the record insufficiently developed to analyze Plaintiff's First Amendment retaliation claim under the summary judgment standard.  The

Court will therefore consider the First Amendment retaliation claim under the motion to dismiss standard.

### 1. First Amendment Access to the Courts

A prisoner's constitutional right of access to the courts includes the right to prepare and file legal documents. *Lewis v. Casey*, 518 U.S. 343, 350–51 (1996). To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury. *See Lewis*, 518 U.S. at 349. An actual injury is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348 (citation and internal quotations omitted).

The Court grants Defendants' motion for summary judgment because Plaintiff has not produced sufficient evidence showing he suffered an actual injury. Plaintiff claims Defendant Pharris violated his right of access to the courts by refusing to pick up his legal mail for ten days, thereby delaying the filing of his already overdue motions. However, the record shows Plaintiff's motions were indeed filed, albeit late, and the judge who considered them, the Honorable Peggy A. Leen, denied those motions on their merits not because they were untimely. Therefore, Defendant Pharris' refusal to pick up Plaintiff's legal mail did not affect the disposition of those motions. As such, Plaintiff has failed to present evidence demonstrating that he suffered an actual injury from her conduct. Accordingly, the Court grants Defendants' motion for summary judgment as to Plaintiff's First Amendment access to the courts claim.

### 2. First Amendment Retaliation

A prisoner must demonstrate five elements to maintain a viable claim for First Amendment retaliation: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). To determine whether plaintiff's exercise was chilled, the court must analyze the evidence provided

AO 72
(Rev. 8/82)

1   and inquire whether the official's acts would chill or silence a person of ordinary firmness in the
2   plaintiff's position from engaging in future First Amendment activities. *Mendocino Envtl. Ctr. v.*
3   *Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999) (citing *Crawford-El v. Britton*, 93 F.3d
4   813 (D.C. Cir. 1996), *overruled on other grounds by* 523 U.S. 574 (1998)).  Plaintiff alleges
5   Defendant Pharris yelled at him in an intimidating voice, threatened to ban him from the law
6   library, refused him reentry to the law library, and filed false disciplinary charges against him in
7   retaliation for filing a grievance against Defendant Pharris and a lawsuit against the law library
8   (the "Protected Conduct").  However, Plaintiff fails to allege facts sufficient to support at least two
9   of the required elements.

                a.      **Because of**

11  With respect to the second element, Plaintiff has not demonstrated a causal
12  relationship between his Protected Conduct and Defendant Pharris' alleged actions in the library.
13  Plaintiff's allegations could conceivably show Defendant Pharris' actions were related to his
14  Protected Conduct, but those allegations do not cross the line from conceivable to plausible.
15  Indeed, Defendant Pharris' actions could have been the result of any number of circumstances. For
16  example, Pharris could have been reacting to prisoner misbehavior in the library or she simply
17  could have been in a bad mood that day.  Also, the environment of a prison is such that yelling,
18  threatening, and filing grievances are not out of the ordinary.  In sum, Plaintiff's allegations do not
19  permit the Court to infer more than the mere possibility that Defendant acted "because of"
20  Plaintiff's Protected Conduct.

                b.      **Chilled the Exercise of Inmate's First Amendment Rights**

22  With respect to the fourth element, the Court finds the complaint inadequately
23  vague as to how Defendant's yelling, threats, false disciplinary charges, or refusing reentry to the
24  library chilled the exercise of his First Amendment activities.  First, as previously stated, such
25  conduct is not out of the ordinary in a prison environment.  A person of ordinary firmness in
26  Plaintiff's position therefore would not be chilled by Defendants' behavior.  Second, although

AO 72
(Rev. 8/82)

Plaintiff claims the Defendant excluded him from the library, Plaintiff offers no specific facts such as the duration, timing, and scope of his ban from the library. Therefore, because Plaintiff offers only conclusory allegations of retaliation, the Court finds Plaintiff has not alleged a plausible claim for relief. The Court accordingly grants Defendant's motion to dismiss Plaintiff's First Amendment retaliation claim. As Plaintiff fails to demonstrate two of the required elements, the Court need not analyze the remaining three elements.

**II.     Plaintiff's Motion to Dismiss Defendant Neven**

Because the Court has granted Defendants' motion and disposed of Plaintiff's two remaining claims, the Court dismisses Plaintiff's motion to dismiss as moot.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss/Motion for Summary Judgment (#23) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Dismiss Defendant Neven (#31) is DENIED as moot.

The Clerk of Court is instructed to close the case.

Dated: June 27, 2011

_____
**ROGER L. HUNT**
**United States District Judge**